UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 3:16-CV-30024-MAP

| | |
|---|---|
| MARK GILBERT,          Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| CITY OF CHICOPEE, WILLIAM JEBB,<br>RICHARD KOS, JOHN PRONOVOST,<br>JOHN DOE & JANE DOE,          Defendants | )<br>)<br>)<br>) |

### DEFENDANTS, CITY OF CHICOPEE AND RICHARD KOS', OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Now come the defendants, City of Chicopee and Richard Kos ("defendants"), and hereby respectfully oppose Plaintiff's Motion to Amend Complaint. As discussed below, plaintiff's motion should be denied because it is untimely in light of the posture of this case and giving it substantive consideration at this time would waste judicial resources and put defendants to undue burden and expense.

### BACKGROUND

On November 16, 2016, the Court heard argument on defendants' motion to dismiss plaintiff's complaint. See Document Nos. 20, 65. To the best of defendants' counsel's recollection, at the hearing on defendant's motion to dismiss plaintiff's counsel requested that to the extent that the Court was inclined to dismiss certain counts of the complaint it do so without prejudice to plaintiff's seeking leave to amend. The Court took defendants' motion to dismiss under advisement on November 16, 2016, and the parties are awaiting its order. See Document

1

609120

No. 65.  On February 13, 2017, plaintiff filed the instant motion to amend.  See Document No. 67.

## STANDARD OF REVIEW

While Federal Rule of Civil Procedure 15 allows for liberal amendment of pleadings, *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004), there is no automatic right to amend.  See *Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015), quoting, *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "[T]he decision on whether or not to grant a motion to amend is a case-specific, fact-based determination," that is within the discretion of the district court.  See *Klunder*, 778 F.3d at 35, n.8; *Villanueva v. United States*, 662 F.3d 124, 127 (1st Cir. 2011).  Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment."  *Foman*, 371 U.S. at 182.  See also, *Villanueva*, 662 F.3d at 127.

## ARGUMENT

A.   <u>The Instant Motion Should Be Denied Based on Plaintiff's Failure to Comply with Local Rule 7.1</u>.

The instant motion should be denied based on plaintiff's failure to comply with Local Rule 7.1.  The Rule states, "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."  Local Rule 7.1.  Plaintiff's counsel did not confer prior to filing the current motion, as is confirmed by the motion which does contain the required certification.  See Document No. 67.  Especially given the posture of this case, plaintiff's motion to amend should be denied.

2

609120

B. <u>The Procedural Posture of this Motion Militates in Favor of Denying It</u>.

As noted above, it is defense counsel's recollection that at the hearing on defendants' motion to dismiss, the issue of amendment was raised by the court. Noteworthy, seven (7) months passed between the date the plaintiff filed his opposition to the motion to dismiss and the hearing. Rather than seek leave to amend during that time, plaintiff waited almost three months from the date of the hearing to file his motion. Seeking leave to amend after the motion to dismiss has been under consideration for almost three months is contrary to interest of judicial economy and puts the defendants to undue burden and expense. To the extent that plaintiff believes that amendment is warranted in light of defendants' motion to dismiss, he should have filed an amended complaint rather than oppose the motion; he could have done so as of right. See Fed. R. Civ. P. 15(a)(1)(B). Having placed both the Court and defendants to the burden of full consideration of the complaint, plaintiff should not be allowed to amend at this time.

Without waiving the foregoing, defendants note that the proposed amended complaint fails to state a claim as against defendants upon which relief can be granted. Defendants respectfully request that they be given leave to provide a substantive analysis of the proposed amended complaint to the extent that Court believes that one is warranted or necessary at this time.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend should be denied.

> THE DEFENDANTS,
> CITY OF CHICOPEE AND
> RICHARD KOS
>
> By  */s/ Nancy Frankel Pelletier*
> Nancy Frankel Pelletier, Esq.,BBO# 544402
>
> ~and~
>
> By  */s/ David S. Lawless, Esq.*
> David S. Lawless, Esq.-BBO #664754
> Both of
> Robinson Donovan, P.C.
> 1500 Main Street, Suite 1600
> Springfield, Massachusetts 01115
> Phone (413) 732-2301 Fax (413) 452-0342
> npelletier@robinsondonovan.com
> dlawless@robinsondonovan.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 17th day of February, 2017.

*Subscribed under the penalties of perjury.*

> */s/ Nancy Frankel Pelletier, Esq.*
> Nancy Frankel Pelletier, Esq.