UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| _____ | ) | |
| MARK GILBERT, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:16-CV-30024-MAP |
| | ) | |
| CITY OF CHICOPEE, WILLIAM JEBB, | ) | |
| RICHARD KOS, JOHN PRONOVOST, | ) | |
| JOHN DOE and JANE DOE, | ) | |
|     Defendants | ) | |
| _____ | ) | |

**DEFENDANT, WILLIAM JEBB'S MEMORANDUM IN SUPPORT OF HIS MOTION
TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

*Facts*

The claims against Chief Jebb stem from alleged retaliatory actions purportedly taken by Chief Jebb against Gilbert.  The factually flimsy retaliatory actions were supposedly the result of investigations, statements and testimony made by Gilbert against certain personnel of the Chicopee Police Department ("Chicopee PD"). The Amended Complaint, while modifying certain scrivener's errors and linguistic mistakes, simply regurgitates the unsupported conclusory statements of the original Complaint and provides no basis for relief against Chief Jebb.

Paragraph 77 of the Amended Complaint asserts, without any explanation or accounting of any event, that Chief Jebb changed the "terms and conditions of [Gilbert's] employment." Yet it is undisputed that Gilbert has retained his employment as an officer in the Chicopee Police Department, has retained his rank and privileges and has not suffered any loss of employment, rank or benefits.  The Plaintiff asserts in paragraph 108 that Chief Jebb "began to execute his plan of retribution" against him without any reference to any event or loss of employment, rank

or benefits to the Plaintiff.  After numerous meandering allegations, which are all conclusory statements, not descriptive of actual events or facts, the Plaintiff alleges in Count 8, paragraph 169, that Chief Jebb joined the other defendants to act "in unison to interfere with the Plaintiff's civil rights and employment rights in an attempt to coerce a voluntary separation by the Plaintiff from his employment; to create a pretextual discipline; to avenge Jebb's anger"; as throughout, with no reference to any actual event or occurrence.

The Amended Complaint also restates three rough categories of "statements" or alleged actions taken by Gilbert. First, there were written statements and testimony made in May 2013 to a government investigator relating to Chief Jebb's alleged mishandling of ballots cast in the election of the Chicopee Police Union President. Following the election, Gilbert investigated and provided a report that indicated that Jebb "illegally and in violation of Departmental Policy took evidence out of the booking room".

The claims against Jebb also include the preparation and filing of an incident report in July 2013 which reported a 2007 occurrence in which Defendant Pronovost allegedly pulled out and pointed a gun at Gilbert after Gilbert allegedly asked him to stop engaging in psychic phenomena in the work place.

Finally, Gilbert, as noted above, says that "[w]ithin 30 days of becoming Chief [of Police], Jebb started treating Mr. Gilbert different, began changing his terms and conditions of employment and engaged in a concerted effort to have criminal charges initiated against Mark Gilbert knowing such charges had no basis."

Jebb denies all of the factual allegations which are conclusory, self serving and lacking any evidentiary support aside from Gilbert's suspicious musings.

640669.1

*Argument*

From these three isolated events, the Amended Complaint asserts seven claims against Jebb:  Count 1 asserts violations of 42 U.S.C. § 1983 and M.G.L. c. 12, § 11H; Count 3 asserts a violation of M.G.L. c. 149, § 185; Count 4 asserts abuse of process; Count 5 asserts defamation per se; Count 6 asserts intentional infliction of emotional distress; Count 7 asserts malicious prosecution; and Count 8 asserts civil conspiracy. In addition to the general legal defenses applicable to all defendants, there are a number that apply specifically or uniquely to the Jebb claims.

To the extent those claims raised against Jebb relate to the criminal prosecution and trial of Gilbert, they are barred pursuant to the Anti-SLAPP statute, M.G.L. c. 231, § 59H, in which "the Legislature has provided a means through which persons who have been made the subject of civil litigation in relation for the exercise of their right to petition the government may be spared the expense and the burden of defense of the action."  *Fisher v. Lint*, 868 N.E.2d 161, 165 (Mass.App.Ct. 2007).

To the extent that the various claims are based upon and/or supported by the allegation that Jebb testified under oath in the Holyoke District Court that he won a civil service appeal based upon "lies and deceptions from the mayor and Tom Charette, with the other officers in the department that unfortunately engaged in a character assassination of [him]" such testimony cannot be used to form the basis for liability as such statements are subject to an absolute privilege or immunity. *See, e.g., Fisher v. Lint*, 868 N.E.2d 161, 167-168 (Mass. App., 2007)

In support of its 42 U.S.C. § 1983 claim against Jebb, the Amended Complaint asserts that "[t]he Defendants acting under color of state law violated and retaliated against the Plaintiff for exercising his First Amendment Rights and in retaliation for speaking out and participating in

a government investigation." However, the claim does not specify the "government investigation" at issue.

Additionally, as set forth by the U.S. Supreme Court in *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006), the first inquiry in guiding the interpretation of the constitutional protections accorded to public employee speech "requires determining whether the employee spoke as a citizen on a matter of public concern…. If the answer is no, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." In *Garcetti*, the U.S. Supreme Court held "that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id*. at 421.

All of the communications allegedly made by Gilbert, as provided for in the Amended Complaint, were statements, either written or verbal, made in Gilbert's capacity as an employee of the Chicopee PD, and, were made pursuant to Gilbert's official duties as such a public employee. As the Amended Complaint fails to assert any facts sufficient to support an inference that Gilbert's statements were otherwise made in his capacity as a private citizen, Gilbert's 42 U.S.C. § 1983 claim, as far as it seeks to redress a restriction of Gilbert's First Amendment Right of Free Speech, fails.

With regard to Gilbert's M.G.L. c. 12, § 11H claim, this claim also fails as a matter of law as § 11H relates to the invocation of the attorney general in bringing a civil action "to protect the peaceable exercise or enjoyment of the right or rights secured."

M.G.L. c. 149, § 185 is the Massachusetts' whistleblower statute. "The whistleblower statute permits only an 'employer' to be sued, not individual supervisors.'" *Welch v. Ciampa*, 542 F.3d 927, 943 (1st Cir. 2008). Chief Jebb was not ever Gilbert's employer.

It is plain that the Amended Complaint describes and alleges, in conclusory fashion, without necessary specific references, that the Plaintiff is simply an employee who believes he has suffered damage in his employment, despite the fact that he has not suffered any loss of rank, employment or benefits.  Taken as a whole, he is simply alleging that he has personal issues with the Defendants and other members of the Police Department and City government; however, his personal likes and dislikes do not provide a basis for legal redress against Chief Jebb.

*Conclusion*

For the reasons cited herein, and the arguments previously presented to the Court, the Defendant, William Jebb, respectfully submits that the Plaintiff's Amended Complaint has failed to state a claim and must be dismissed.

THE DEFENDANT,
WILLIAM JEBB,


By  */s/ John J. McCarthy*_____
    John J. McCarthy, Esquire, BBO #328280
    Doherty, Wallace, Pillsbury and Murphy, PC
    One Monarch Place, Suite 1900
    Springfield, Massachusetts 01144-1900
    Tel:  (413) 733-3111
    Fax:  (413) 734-3910
    Email:  jmccarthy@dwpm.com

640669.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 12th day of April, 2017.

*Subscribed under the penalties of perjury.*

By  */s/ John J. McCarthy*_____
         John J. McCarthy, Esquire

640669.1