UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK GILBERT, Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 16CV30024-MAP |
| ) | |
| CITY OF CHICOPEE, WILLIAM JEBB, ) | |
| RICHARD KOS, JOHN PRONOVOST, ) | |
| JOHN DOE, and JANE DOE, ) | |
| Defendants ) | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, JOHN PRONOVOST'S, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

I.   BACKGROUND

PLAINTIFF'S AMENDED COMPLAINT

The Plaintiff's Amended Complaint contains the same claims for relief as previously purported to be set forth, viz. Count 1 ("Violation of 42 U.S.C. §1983, M.G.L.A. c. 12, §11H"), Count 4 ("Abuse of Process"), Count 5 ("Defamation [per se]"), Count 6 ("Intentional Infliction of Emotional Distress"), Count 7 ("Malicious Prosecution"), and Count 8 ("Civil Conspiracy").  The previously challenged Complaint contained 70 paragraphs of factual allegations; the present one has 98.

Pertinent to Lt. Pronovost, the Plaintiff alleges:

- Pronovost resented the Plaintiff for being appointed a Captain (¶14), although the two "were friendly" (¶36);

- After Pronovost's wife died, he bought crystal rocks and lights at Rocky's Hardware which were brought to work, and he set up "Ghost Traps" (¶¶ 35-42).

- The Plaintiff complained about this behavior to his Commanding Officer and also to then-Captain Jebb, his shift captain (¶¶ 43, 47);

- Pronovost was protected from discipline by then-Captain Jebb for buying

- ghost traps, crystal rocks "and other items hanging to pieces of strings when he talked to the dead" at work (¶¶ 26(c), 44, 49);

- Pronovost was protected from investigation by then-Officer Jebb for pulling his gun on the Plaintiff in 2007 during an argument about psychic pheromones (¶¶ 26(d), 46);

- There was a meeting on an unspecified date in the summer of 2014 when now-Chief Jebb met "and conspired to have ... Pronovost take out a criminal application against the Plaintiff" (¶84);

- Jebb met with Pronovost and his private attorney at the Chicopee Police Department (¶87) where they "developed a plan" and then filed a criminal complaint against the Plaintiff (¶¶ 88-89);

- Pronovost's purpose in filing the criminal complaint was to get back at the Plaintiff for opposing Jebb, and for disclosing Pronovost set "ghost traps" and talked to crystal rocks (¶90);

- The Plaintiff was acquitted of the criminal charges (¶90).

II. ARGUMENT

    A.    THERE IS *STILL* NO VIABLE §1983 AND MCRA CLAIM AGAINST LT. PRONOVOST

The Defendant Pronovost incorporates his previous arguments as to Plaintiff's Count 1 (Dkt. #25, pp. 4-7).

It appears the Amended Complaint contains new allegations in ¶¶ 103, 105, 109-112 of the Plaintiff's Amended Complaint (Dkt. #72). None of these allegations implicated Lt. Pronovost, except as the Plaintiff cast his allegations against "Defendants." The more concrete allegation of a threat in ¶65 has nothing to do with Lt. Pronovost.

The Plaintiff asserts he was retaliated-against for exercising his right of Free Speech for "speaking out and participating in a governmental investigation." There is no clearly established constitutional guarantee which was violated by Lt. Pronovost here. It is

never alleged Lt. Pronovost held any position to discipline the Plaintiff. There is no way for Lt. Pronovost to wield discipline or "retaliate" against the Plaintiff. It is left to speculation how Lt. Pronovost "retaliated" against the Plaintiff for hiring counsel in connection with "this matter." (Dkt. #72, ¶104).

The gist of the civil rights allegations is that the Mayor and Police Chief were upset that the Plaintiff cooperated in the District Attorney's investigation into officers taking and sharing photographs of a murder victim, as set forth in ¶¶ 66, 102. The Plaintiff has many complaints about Chief Jebb, as set forth in ¶¶ 51-97. The new allegations, while confusing, simply have nothing to do with Lt. Pronovost except the omnibus allegation all Defendants disciplined him for pretextual reasons, the real reason being Chief Jebb was vengeful against persons who had conspired against him. Id. ¶108.

The vague allegation that the Defendants "imputed the Plaintiff in criminal conduct" (perhaps the criminal complaint for filing a false police report) to get back at Plaintiff for cooperating with "a governmental investigation" does not make out a plausible §1983 or MCRA claim. (Dkt. #72, ¶107). Since a criminal complaint was issued on the false police report charge, this necessarily means there was probable cause found by the Magistrate. See G.L. c. 218, §35. Again, there is no clearly established constitutional violation presented by a person applying for a criminal complaint which, after hearing, is found sufficient by a Magistrate.

B.   THE ABUSE OF PROCESS CLAIM

The Defendant Pronovost incorporates his previous arguments as to Plaintiff's Count 1 (Dkt. #25, pp. 7-8).

Moreover, Lt. Pronovost's application for a criminal complaint was petitioning

activity within the meaning of the Anti-SLAPP statute, entitling him to immunity under G.L. c. 231, §59H.  Since the Holyoke District Court magistrate found probable cause to issue a criminal complaint, the Plaintiff will be unable to sustain his burden of establishing "[Lt. Pronovost's] exercise of [his] right to petition was devoid of any reasonable factual support or any arguable basis in law and [Lt. Pronovost's] acts caused actual injury to the [Plaintiff]."

      C.      THE DEFAMATION PER SE CLAIM

The Defendant Pronovost incorporates his previous arguments as to Plaintiff's Count 5 (Dkt. #25, pp. 8-10).

The allegations set forth in the new Complaint (Dkt. #72, ¶¶ 141-150), are identical to the original Complaint (Dkt. #1, ¶¶ 94-103).  The shortcomings pointed out in Lt. Pronovost's previous motion to dismiss remain pertinent and justify its allowance.

      D.      THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

The Defendant Pronovost incorporates his previous arguments as to Plaintiff's Count 6 (Dkt. #25, pp. 11-13).  The allegations set forth in the new Complaint (Dkt. #72, ¶¶ 151-158), are identical to the original Complaint (Dkt. #1, ¶¶ 104-111). There are no factual allegations against Lt. Pronovost which address the chasm between what is alleged and a plausible cause of action for IIED.

      E.      THE MALICIOUS PROSECUTION CLAIM

The Defendant Pronovost incorporates his previous arguments as to Plaintiff's Count 6 (Dkt. #25, pp. 13-14).  Once more, the allegations are the same. Cf. Dkt. #1, ¶¶ 112-120 and Dkt. #72, ¶¶159-167.  As manifest, the Magistrate's finding of probable cause (propelling the false report charge to a trial at which the Plaintiff was acquitted) is fatal to

a malicious prosecution claim.

    F.    THE CIVIL CONSPIRACY CLAIM

Here the Plaintiff has included two new allegations in Count 8, ¶171 (which says the same thing as ¶109), and ¶172 (which is similar to ¶88 except *that* conspiracy did not involve Mayor Kos). The new allegations are insufficient, and the arguments set forth by Lt. Pronovost in his earlier motion warrant dismissal. See Dkt. #25, pp. 14-16.

III.    CONCLUSION

For all the foregoing reasons, the Defendant, John Pronovost, respectfully requests the Court allow his Motion to Dismiss the Plaintiff's claims.

        JOHN PRONOVOST, Defendant

        By /s/ *John T. Liebel*
        JOHN T. LIEBEL (BBO #299660)
        LAW OFFICE OF JOHN T. LIEBEL
        73 Chestnut Street
        Springfield, MA 01103
        Ph. (413) 781-1004
        Fax (413) 736-2278
        E-mail: John.Liebel@verizon.net

CERTIFICATE OF SERVICE

I certify that a true copy of the within document was filed through the ECF system and will be sent electronically to the registered participants as identified on the notice of electronic filing and paper copies will be sent to those indicated as non-registered participants on April 14, 2017.

        /s/ *John T. Liebel*
        JOHN T. LIEBEL